## J. S. CANE & WIFE v. C. L. BERGEN.

**Contracts—Recovery for Work Done Under.**

    A contractor cannot recover for defective work, the full contract price because he can prove the work to be reasonably worth that much, without regard to the stipulated sum to be paid.

**Lien—Land in Possession of Husband Subject to Mechanics Lien.**

    Where the husband had possession and control of land, and contracted for the erection of buildings thereon, he is presumed to be the owner, and prima facie, a mechanics lien for unpaid balance due thereon, will attach.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 26, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The long recognized rule in bainding contracts is that the contract price is to govern, when the work is not done according to the stipulation, still a recovery for its reasonable value, rated by the contract price, be recovered, but an undertaker can not recover for defective work the full contract price because he can prove the work to be reasonably worth that much without regard to the stipulated sum to be paid.

This rule was violated by the commissioner in this case as it appears from his report and is justified by the evidence that the deficit or difference in the buildings &c undertaken by appellee, amounted to $320; whilst the extra work amounted to $218, leaving a balance on deficit $102, which at least should have been deducted from the contract price of $3,600, reducing it to $3,498, from which deduct payments $2,997.95 would leave only $500.05 as a remainder due to Bergen.

The written contract contains this stipulation: "and no changes to be made in the house or this agreement until the same be reduced to writing and prices of same agreed on and neither party can claim reduction or increase unless the same is done."

If this be literally enforced Cane would be entitled to no

deduction for a change in the plan by which the cost of the building was reduced nor Bergen could recover for extra work because not reduced to writing, although the change in the plan and the extra work, materials, etc., seem to have been mutually agreed, in parol; the only deduction then from the contract price would be for defective work, and materials, which according to the commissioner's report and the evidence would be $113.00 or only eleven dollars more than the first mode of settlement.

As the result either way is so nearly the same we will not stop to enquire how far it is possible for parties to bind themselves not to contract in future only by writing, or if having done so a future parol contract upon a valid consideration could be defeated by such a writing, or whether such a written contract could not be rescinded by a mere verbal agreement especially if founded on a new and valid consideration, or whether a future parol agreement inconsistent with its stipulations relative to the subject matter of the written contract should not be considered *pro tanto* a rescission thereof.

Both Cane and his wife say the lots were hers but neither set out her title, or by what means she became the owner; she did not sign the binding contract but frequently gave directions as to the work as it progressed and knew of it all the time. She must have known her husband contracted for the buildings as she says she did not so contract; she never set up any claim to the property or notified Bergen that it was hers; even if she is now possessed of the title, she may have acquired this after the contract and subsequent to the commencement of the work.

As the husband had possession and control of the lot and contracted for the building he should be presumed to be the owner and *prima facie* a mechanics lien attached, and the lot and building should be held liable for the unpaid balance.

This case does not come within the principles of the decision of this court in *Fetter v. Nelson, 12 B Mon 90* wherein the plaintiffs averred the sale title was in the *feme covert* and its derivation set out. Whereas in this case the averment of plaintiff is that he built two brick cottages *"on their lot of land"* and only the husband's interest in the land is adjudged to be sold, leaving the wife's title untouched, together with the houses so built by plaintiff.

7

But for the error assigned the judgment is reversed with directions to render judgment as herein indicated.

*Worthington, Harney & Harney, for appellants.*

*Stratton, Thompson & Booth, for appellee.*